## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANWAR SHAIKH,
      Appellant,

v.

SMITHSONIAN INSTITUTION,
      Agency.

DOCKET NUMBER
DC-0752-18-0541-I-1

DATE: April 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anwar Shaikh</u>, Washington, D.C., pro se.

<u>Amy Koontz</u> and <u>Katherine Bartell</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal from the Federal service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant has filed a motion to vacate the initial decision and for a rehearing. Petition for Review (PFR) File, Tab 2 at 3. He asserts that he "suffered a medical issue in the courtroom prior to presenting [his] argument," which "prevented [him] from presenting [his] case." *Id*. The appellant claims that he alerted the administrative judge to his medical situation and that he was unable to "present rebuttal" during the hearing. *Id*. Therefore, the appellant argues that the "incomplete" and one-sided hearing did not provide him with due process. *Id*. The appellant also argues that the administrative judge allowed an unidentified "Agency representative" into the hearing room who spoke in private with the administrative judge and that neither he nor the agency representative were able to hear the conversations. *Id*. Finally, the appellant challenged the lack of a "bailiff or other means of security" in the hearing room preventing the witnesses from speaking to each other or the agency representative. *Id*.

In its substantive response opposing the petition for review, the agency disputes the appellant's "unsupported allegations" on review. PFR File, Tab 4 at 6. The agency representative states that she was present at the hearing and that the appellant did not raise any medical issues with her or the administrative judge. *Id*. In addition, the agency asserts that no agency representative spoke privately with the administrative judge during the hearing. *Id*. Finally, the

agency states that the appellant made no allegation during the hearing that any of the witnesses engaged in improper conduct. *Id*.

The oral recording made by a court reporter is the official transcript of a hearing. 5 C.F.R. § 1201.53(a). Having reviewed the oral recording of the hearing in its entirety, we find that the agency correctly asserted that the record does not reflect any medical issues raised by the appellant and that, prior to dismissing the witnesses, the administrative judge appropriately instructed each witness not to discuss his or her testimony with any other individual while the proceedings were ongoing. Initial Appeal File (IAF), Tab 31, Hearing Compact Disc (HCD); PFR File, Tab 4 at 6. During the course of the hearing, the appellant provided testimony, examined his own witnesses, and cross-examined the agency's witnesses. HCD. To the extent that the appellant asserts that he raised his alleged medical issue with the administrative judge off the record, his conclusory statements on review provide no details regarding the nature of or extent of any such discussion. PFR File, Tab 2 at 3. Moreover, the appellant has failed to articulate any statutory, regulatory, or agency security or other procedures with which the Board or the Smithsonian Institution failed to provide him. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1378 (Fed. Cir. 1999) (observing that, in addition to the right to due process, public employees are "entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure"). Therefore, we find that the appellant has provided no basis for disturbing the initial decision. *See* 5 C.F.R. § 1201.114(b) (stating that a petition for review must include all of the filing party's legal and factual arguments objecting to the initial decision, and must be supported by references to applicable laws or regulations and by specific references to the record).

Regarding the appellant's assertion that the administrative judge engaged in private conservations with an unidentified "Agency representative," it is unclear whether he claims this individual was a representative of the Smithsonian

Institution or the Board, given his statement that neither he nor the agency representative could hear the conversations. PFR File, Tab 2 at 3. An ex parte communication is an oral or written communication between a decision-making official of the Board and an interested party to a proceeding when that communication is made without providing the other parties to the appeal with a chance to participate. 5 C.F.R. § 1201.101. Administrative judges are prohibited from engaging in ex parte conversations regarding the merits of an appeal. 5 C.F.R. § 1201.102. To the extent that the appellant argues that the administrative judge engaged in improper ex parte communications with a representative for the Smithsonian Institution, we find that the record is devoid of any evidence to support the appellant's bare assertion. To the extent that the appellant's challenge concerns conversations between the administrative judge and Board personnel, he has failed to articulate any prejudice or harm he suffered by such communications in which neither party to the proceeding participated. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant has not challenged, and we see no reason to disturb, the administrative judge's findings that the agency proved the charges of failure to follow Smithsonian policy and lack of candor by preponderant evidence,[2] the agency established a nexus between the appellant's misconduct and the efficiency of the service, the agency showed that the penalty of removal was reasonable, and the appellant failed to establish a prima facie case that his removal action was based on protected whistleblowing activity. PFR File, Tab 2 at 3; IAF, Tab 32, Initial Decision at 3-11; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987); *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (holding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.